UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL D. JARRUS
and LINDA JARROUS,

    Plaintiffs,

v.

GOVERNOR OF MICHIGAN,
ET AL,

    Defendants.
_____/

Case No.  25-11168-FKB-APP

District Judge F. Kay Behm
Magistrate Judge Anthony P. Patti

## OMNIBUS ORDER ADDRESSING ALL PENDING MOTIONS EXCEPT ECF NOS. 162 AND 163, SETTING DEADLINE TO FILE AN AMENDED PLEADING, AND STAYING DISCOVERY

    Plaintiff Michael D. Jarrus and Linda Jarrous,[1] proceeding *in pro per*, filed this action on April 23, 2025.  (ECF No. 1.)  Judge F. Kay Behm referred the matter to me on May 1, 2025 "for all pretrial proceedings, including a hearing and determination of all non−dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B)."  (ECF No. 20.)  After filing their initial complaint, Plaintiffs began filing what can only be referred to as a deluge of motions, purported amended pleadings, and so-called "notices," most of which are improper

---

[1] Despite the similarity to their last names, Plaintiffs appear to spell their names slightly differently.

attempts to request relief to which they are not entitled, and all of which have clogged up the docket and prevented the speedy progression of this case. After reviewing the docket, the Court now issues the following rulings to resolve all pending motions and set relevant deadlines.

I. **Attempts to Amend the Complaint**

Two months after initiating this lawsuit, Plaintiffs filed a motion for leave to file a first amended complaint. (ECF No. 23.) Plaintiff then immediately filed an Amended Complaint. (ECF No. 24.) Because a party is allowed to amend the complaint once as a matter of course under certain circumstances, which were met in this case, no motion was required to amend the complaint at that stage and Plaintiffs earliest motion to amend (ECF No. 23) is **DENIED AS MOOT.** *See* Fed. R. Civ. P. 15(a)(1). However, the Amended Complaint was properly filed as a matter of course, and therefore **ECF No. 24 is HEREBY RECOGNIZED as the current operative pleading**.

Thereafter, Plaintiffs filed a series of notices, motions, and additional amended complaints, all aimed at amending the pleadings in some fashion, either by striking portions, adding portions, clarifying portions, or wholly supplanting the pleadings. (*See, e.g.*, ECF Nos. 47, 64, 65, 78, 85, 95, 98, 147, 156). Plaintiffs motions largely do not comply with the federal and local rules, as they attempt to amend prior pleadings piecemeal and are unaccompanied by a proposed amended

2

pleading, as required under the local rules. The frequent and repetitive motions to amend or "correct" prior pleadings have created mass confusion on the docket and the Court therefore **DENIES,** as written, all pending motions related to amending or supplanting the pleadings (ECF Nos. 64, 65, 78, 85, 95, 147, 156).

However, the Court is cognizant of Plaintiffs' *pro se* status and recognizes that Plaintiffs are attempting to amend the pleadings to streamline the proceedings. The Court is also aware that this litigation is still in its infancy. Accordingly, the Court will *sua sponte* allow Plaintiffs one final opportunity to amend their complaint. No motion need be filed, but Plaintiffs will need to file their final, complete, amended pleading by the Court-imposed deadline.

In making this decision, the Court takes into consideration that, under Fed. R. Civ. P. 15(a), a party may amend its pleadings at this stage of the proceedings only after obtaining leave of court. The Rule provides that the court should freely give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).

Rule 15(a) supports the "principle that cases should be tried on their merits" and not on technicalities, and thus "assumes 'a liberal policy of permitting amendments.'" *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 937 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)).  In determining whether to grant an amendment, the Court considers the reasons set forth in *Foman v. Davis*, 371 U.S. 178, 182 (1962), where the Supreme Court stated that leave should be freely given, "[i]n the absence of any apparent or declared reason -- undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." The Court also acknowledges that Fed. R. Civ. P. 1 calls for the Rules to "be construed, administered, and employed by the court and the parties to secure the just, speedy and inexpensive determination of every action and proceeding."

The Court is persuaded that Plaintiffs are attempting in good faith to amend their complaint and thus will give them one final chance at arriving at their final pleading.  However, this case must proceed, and no further attempts shall be allowed.  **Plaintiffs shall file their final amended complaint by Monday, December 8, 2025.**  The final amended complaint must comply with Local Rule 15.1, which requires that "[a]ny amendment to a pleading, whether filed as a

matter of course or upon a motion to amend, must . . . reproduce the entire pleading as amended, *and may not incorporate any prior pleading by reference*." (Emphasis added). As the Court of Appeals has explained, "[g]enerally, amended pleadings supersede original pleadings." *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 617 (6th Cir. 2014) (citing 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed.2010)). Thus, when a plaintiff "file[s] an amendment to his original complaint after it has been served, any such amended complaint should be drafted to replace the one originally filed[.]" *Perry v. Comm'r of Soc. Sec.*, No. 17-12718, 2017 U.S. Dist. LEXIS 140287, *3 (E.D. Mich. Aug. 31, 2017). In other words, in their amended pleadings, Plaintiffs may not refer back to or "incorporate" prior pleadings or versions/snippets thereof. Accordingly, Plaintiffs' final amended complaint must contain any and all claims they intend to pursue, and the Court shall not look to any prior pleadings to define their claims. **THIS WILL BE PLAINTIFFS FINAL PLEADING AND NO FURTHER AMENDMENTS SHALL BE ALLOWED.**

In drafting their pleading, Plaintiffs should take note of the instructions provided above, and the Local and Federal Rules. The form of a pleading is governed by Fed. R. Civ. P. 10. In part, Rule 10 requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to

a single set of circumstances." Fed. R. Civ. P. 10(b).  Moreover, the general rules of pleading provide, "[a] pleading that states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).  Pleadings are also subject to Fed. R. Civ. P. 11, and even *pro se* plaintiffs must review and understand their obligations contained therein or risk sanctions.  Throwing "everything but the kitchen sink" into a complaint does not enhance it; rather, it tends to have the opposite effect.  Plaintiffs would be wise to consult and possibly retain licensed legal counsel (and not merely the Internet, or worse yet, generative AI, as explained below), or the *pro se* clinic, before venturing back into the somewhat complicated (and very much rule-driven) land of federal court pleading.  Plaintiffs must clearly state which claim is asserted against which Defendant, and articulate the actions of each Defendant that give rise to the claim.  In filing their final amended complaint, Plaintiffs should bear in mind that "[t]he goal of the complaint is to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bommarito v. Equifax Information*

6

*Serv's*, 340 F.R.D. 566 (E.D. Mich. 2022) *(quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (further internal citations omitted).

After the final amended complaint is filed, Defendants may bring the appropriate motion to test the pleadings under Rule 12.  **Any motion to dismiss shall be filed within four weeks of Plaintiffs' amended complaint**.

## II. Discovery Related Motions

Plaintiffs have also filed motions attempting to expedite discovery or compel discovery from Defendants. Plaintiffs' motions are both improper and premature. They are improper in that, rather than asking the Court to compel responses to discovery that has already been served, they appear to be asking for discovery directly in the motions, which is not the correct way to seek discovery.  Discovery requests are not to be filed on the docket, but served on opposing counsel. Likewise, discovery responses should not be filed directly on the docket.  Federal Rule of Civil Procedure 5 provides that initial disclosures under Rule 26(a) and "requests for documents or tangible things" must not "be filed until they are used in the proceedings or the court orders filing . . . ."  Fed. R. Civ. P. 5(d)(1).  *See also* E.D. Mich. LR 26.2.  Additionally, Plaintiffs appear to be conflating FOIA requests with discovery requests. Discovery in this case is governed by the Federal Rules of Civil Procedure, and do not generally implicate FOIA requests.

Furthermore, this case is still in its early stages, which is evident from the lack of finalized pleadings. Until the initial pleadings have finalized, it is premature to seek discovery. Generally, "a plaintiff is . . . not entitled to discovery before a motion to dismiss has been decided, and allowing such discovery undermines the purpose of Federal Rule of Civil Procedure 12(b)(6), which is 'to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.'" *Greve v. Bass*, No. 3:16-CV-372, 2017 WL 387203, at *2 (M.D. Tenn. Jan. 27, 2017) (quoting *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003)). **Thus, until Plaintiffs have filed their final, amended complaint, and the case proceeds past an answer or resolution of a motion or motions to dismiss, the Court ORDERS that all discovery is hereby STAYED, pending further notice from the Court.**

Relatedly, many of Plaintiffs' filings seek to "supplement the record" with various forms of "evidence" (*See* ECF Nos. 6, 15, 16, 64, 81, 86). Generally, there is no reason to be filing any type of evidence directly on the docket. The Eastern District of Michigan Local Rules state that a party "may not file discovery material specified in Fed. R. Civ. P. 5(d)(1) . . . ." E.D. Mich. LR 26.2. Circumstances in which parties may file material (such as recordings) with the Court include "when it provides factual *support for a motion, response or reply*." *Id*., 26.2(1) (emphasis added). And in such circumstances, "The party or other person relying on the

material must file only the germane portion of it as an exhibit or attachment to the motion, response, or reply." *Id*. <u>Parties are not entitled to simply file items that they perceive as being helpful to their case on the docket just to add them to the record</u>.  Evidence will be submitted, at the appropriate time, during trial or in order to support a motion.  Records may not simply be plowed into the Court's docket as freestanding exhibits; they must normally be attached to a pleading, motion or brief, in support of the same, and explain how they support it. Fed. R. Civ. P. 10(c); E.D. Mich. LR 5.1(d).  All motions simply seeking to file evidence on the docket, or attempting to insert records into the docket, will be denied.  Free-standing exhibits or declarations WILL BE STRICKEN.

Further, Plaintiffs have filed at least two motions for sanctions for spoliation of evidence.  (ECF Nos. 8, 133.)  It is difficult to imagine how any such motion can be ripe prior to the start of any discovery.  More importantly, however, until the pleadings have been finalized, the Court cannot assess the relevance or necessity of any evidence or its purported spoliation.

Accordingly, all pending motions tangential to discovery, seeking any form of discovery or discovery sanctions, or attempting to plow evidence into the record are hereby **DENIED**.  (ECF Nos. 6, 8, 10, 11, 13, 15, 16, 39, 64, 81, 86, 133.)

### III. Motions Mooted by Subsequent Events

Plaintiffs seek various forms of injunctive relief. Motions for preliminary or final injunctive relief must be grounded in the relevant pleadings. Because the pleadings are not yet finalized, and indeed each motion is based on a different pleading, all motions seeking injunctive relief (ECF No. 14, 119) are **DEEMED PREMATURE AND MOOT** and the Clerk of the Court is **DIRECTED** to **ADMINISTRATIVELY TERMINATE THEM WITHOUT RULING AND WITHOUT PREJUDICE**.

Additionally, pending before the Court are a series of motions related to previous pleadings or filings that are no longer relevant. Plaintiffs filed motions to "expedite consideration" of certain motions. (ECF No. 12, 116, 117.) These motions are being ruled upon in this Order, and thus there is no longer any motion to "expedite." Additionally, it is not for Plaintiffs, or any other litigant, to set the Court's priority for ruling on motions. Motions to expedite, particularly when filed on dockets which have been inundated with countless unnecessary and meritless motions, will not propel the Court to prioritize Plaintiffs' case. It may have the opposite effect, as the Court has hundreds of other civil and criminal cases requiring its attention, which cannot be set aside to deal with an avalanche of motions and other non-motions filings in this one case. The squeaky wheel does not necessarily get the grease. It is for the Court—not Plaintiffs—to internally

prioritize matters. Plaintiff's motions to expedite (ECF No. 12, 116, 117) are **DENIED.**

Plaintiffs also filed motions related to previous motions. Plaintiffs filed motions to "correct" portions of their previous filings, or strike portions of their previous filings (ECF No. 96, 147, 149). As a general rule, litigants do not get repeated "do-overs" to continuously edit their filings after they have been filed. In any event, all of Plaintiffs' pending motions have essentially been mooted by the Court's decision to allow Plaintiffs an opportunity to file an amended pleading. Thus, the motions to strike or "correct" previous filings (ECF No. 96, 147, 149) are **DENIED.**

Plaintiffs filed a motion to strike a motion that Defendants filed asking for a modest extension of time to file a response brief. (ECF No. 106.) There was no legitimate basis to strike Defendants' motion. If Plaintiffs oppose a motion, they must file a response brief. Plaintiffs then filed a motion for reconsideration of the Court's order granting the extension. (ECF No. 108.) Under the Local Rules, motions for reconsideration "of non-final orders *are disfavored*." E.D. Mich. LR 7(h)(2) (emphasis added). Plaintiffs have presented no valid basis to grant reconsideration of a routine, ministerial order of the Court, let alone shown any kind of mistake by the Court. *See* E.D. Mich. LR 7(h)(2)(A). And, these motions,

too, are moot in light of subsequent events. The motion to strike (ECF No. 106), along with the motion for reconsideration (ECF No. 108), are **DENIED.**

Plaintiffs filed a motion for service of the first amended complaint (ECF No. 25), a motion for alternate service (ECF No. 52), a motion to file proof of service (ECF No 103), and a motion for leave to exceed the page limit in their response to Defendants' motion to dismiss is also moot (ECF No. 79.)  All four motions are now moot and are **DENIED.**  Plaintiffs should note that no motion for service need be filed for service of the anticipated, final, amended pleading.

Plaintiffs recently filed a motion to treat the motion for preliminary injunction as unopposed. (ECF No. 164.)  Because the Court has mooted the preliminary injunction motion, this motion is **DENIED**.

Finally, Plaintiffs' motion to proceed against the non-stayed Defendants (ECF No. 165) is **DENIED**, as the Court has now outlined how this case will proceed.

### IV. Motions Alleging Illegal or Improper Behavior of Defendants

Plaintiffs have also filed a number of motions which contain accusations of illegal behavior by Defendants.  Some of these motions can essentially be characterized as motions to enforce laws and rules, and some of the motions ask the Court to recognize alleged illegal behavior and take certain action.  All of these motions are without merit, and the Court will detail them briefly.

First, on the same day they initiated this lawsuit, Plaintiffs filed a "Motion for Protective Order to Prevent Retaliation, Harassment, and Misuse of Authority During Litigation," (ECF No. 5), which asks the Court to issue an order prohibiting Defendants from engaging in a vast list of improper and illegal behavior.  The Court does not issue orders, particularly filed prospectively and before any action has occurred in the case, requiring litigants to adhere to laws and rules they are already required to follow. The motion seeks redundant relief, that was wholly unsupported at such an early stage in the litigation.

On the same day, Plaintiffs also filed a "Motion to Refer Defendants for Criminal Investigation Based on Evidence Tampering, Civil Rights Violations, and Conspiracy." (ECF No. 7.)   The Court does not have authority to initiate a criminal investigation in this civil case, and this motion is without merit. Similarly, Plaintiffs filed a "Motion to Compel Defendants to Recognize and Comply with State Court Order Restoring Firearm Rights." (ECF No. 9.)  The Court is unclear under what authority Plaintiffs brought this motion but, at best, it has the tone of a motion seeking a preliminary or final injunction, which the Court will not consider until the pleadings are finalized in this matter.

On July 17, 2025, Plaintiffs filed a "Motion to Strike References to State Court Proceedings," in which they argue that Defendants' references to state court events are "immaterial, impertinent, and legally irrelevant" (ECF No. 57,

13

PageID.1161-1162.)  The Court disagrees, and finds Plaintiffs' purported outrage to be perplexing and somewhat hypocritical considering the countless allegations of wrongdoing they allege against Defendants related to the state court proceedings.  In any event, references to matters of public record, so long as they are not matters under seal, are not improper. *See, e.g.*, Fed. R. Evid. 201(b); *Granader v. Pub. Bank*, 417 F.2d 75, 82 (6th Cir. 1969) (citing cases) ("Federal courts may take judicial notice of proceedings in other courts of record.").  The Court finds no basis to Plaintiffs' motion.

For these reasons Plaintiffs motions regarding Defendants' purported behavior (ECF Nos. 5, 7, 9, 57) are **DENIED.**

## V. Improper "Notices"

The Court notes that Plaintiffs continuously file documents on the docket labeled as "Notices."  (See, E.g., ECF Nos. 33, 40, 42, 44, 54, 69, 70, 74, 80, 101, 118, 120, 136).  These "notices" range from attempts to update the Court regarding a related state court proceeding, veiled motions seeking some sort of nebulous relief, and attempts to insert records or other purported facts onto the docket. Such notices are improper in form and clog the docket unnecessarily, thereby delaying attention to those motions which may have been properly filed.

Plaintiffs are **DIRECTED** to cease filing "notices," unless otherwise specifically allowed by the Court or local or federal rule, *e.g.*, notice of change of

address under E.D. Mich. 11.2.  None of the currently-filed "notices" will be considered by the Court and any future improper "notices" will be stricken.

## VI. Use of AI technology

It appears to the Court that Plaintiffs may be utilizing Artificial Intelligence ("AI") technology.  (*See, e.g.,* ECF No. 63, PageID.1256, referencing "ChatGPT".)  That is a *bad idea* in one very real and important sense: Plaintiffs will be held responsible for the content of their filings under Fed. R. Civ. P. 11, including the accuracy of all facts and law, regardless of whether they used generative artificial intelligence to assist them.  <u>The Court will not accept AI as an excuse for inaccuracies</u> and will hold Plaintiffs (and all counsel) responsible for whatever filings appear with their signatures.  As Judge Berg recently held:

> AI programs "are based on complex mathematical systems that learn their skills by analyzing enormous amounts of digital data. They do not — and cannot — decide what is true and what is false. Indeed, at times, they just make stuff up—a phenomenon some A.I. researchers call hallucinations." Cade Metz & Karen Weise, A.I. Is Getting More Powerful, but Its Hallucinations Are Getting Worse, N.Y. Times (May 6, 2025), https://www.nytimes.com/2025/05/05/technology/ai-hallucinations-chatgpt-google.html. As such, some courts have rejected the use of such AI programs in legal pleadings "out of hand". *J.G. v. New York City Dep't of Educ.*, 719 F. Supp. 3d 293, 308 (S.D.N.Y. 2024).

*Hunt v. Morissette*, No. 2-24-CV-12947-TGB-APP, 2025 WL 1660358, at *1 (E.D. Mich. June 11, 2025).  While the Court will not directly prohibit Plaintiffs from utilizing generative AI, the Court STRONGLY suggests that Plaintiffs do not attempt to utilize it and should certainly never rely upon it.  Indeed, this Court

recently sanctioned a *pro se* litigant $200 per misrepresentation or AI-generated "phantom" or "hallucinated" citation in *Ali v. IT People Corp., Inc.,* No. 2:25-CV-10815, 2025 WL 2682622, at *2 (E.D. Mich. Sept. 19, 2025).  Plaintiffs are hereby **DIRECTED** to carefully read Fed. R. Civ. P. 11 in its entirety **and to be on notice that any misrepresentation or AI-generated "phantom" citation will be sanctionable, per violation.**

### VII.  Defendants' motions to dismiss

Defendants have filed motions to dismiss aimed at various iterations of Plaintiffs' complaints. (ECF Nos. 28 and 66.)  Because the Court will allow Plaintiffs one final attempt to amend their complaint, the dismissal motions are now moot.  As things stand, an attempt to analyze the legal sufficiency of the pleadings would be a frustrating and futile effort, as the pleadings have been a moving target; and, as explained above, one final re-set is warranted.  Defendants will be allowed to bring a timely motion challenging any pleading after Plaintiffs submit their final amended complaint.  In the meantime, Defendants' motions to dismiss (ECF Nos. 28 and 66) are **DEEMED MOOT** and the Clerk of the Court is **DIRECTED** to **ADMINISTRATIVELY TERMINATE THEM WITHOUT RULING AND WITHOUT PREJUDICE**.

### VIII. Defendants' motion for sanctions

Defendants have filed a motion for sanctions, taking issue with Plaintiffs' multiple improper filings, frivolous motions, use of AI, alleged misrepresentations, failure to seek concurrence before filing motions, and general conduct in the prosecution of this action. (ECF No. 140.) Most of the issues raised in Defendants' motion have been addressed by the Court in this order, and the motion is therefore **DENIED AS MOOT WITHOUT PREJUDICE**.

The Court is not unsympathetic to the points raised by Defendants, but will decline to issue sanctions *at this point*. However, the Court has serious concerns with the manner in which Plaintiffs have pursued this action. Inundating the Court, and Defendants, with countless motions, notices, and amended pleadings has dramatically delayed the progress of this lawsuit, cluttered the docket, and wasted the time of both the Court and Defendants. Plaintiffs are **DIRECTED** to carefully read Defendants' motion, this Order, the Undersigned's Practice Guidelines, and the federal and local rules. <u>Compliance with these rules is expected, even from *pro se* litigants.</u> *See Mitchell v. Mich. Dep't of Corr.*, 2006 U.S. Dist. LEXIS 99599, at *5 (Mar. 31, 2006 W.D. Mich.) ("[A] *pro se* litigant is not entitled to special consideration with respect to straightforward procedural requirements that a lay person can comprehend as easily as a lawyer") (citing *Jourdan v. Jabe*, 951 F.2d 108, 109-110 (6th Cir.1991)).

In this Order, the Court has attempted to "clear the deck" and give the litigants a fresh start at progressing this lawsuit in an organized and proper manner. Further filings that violate the local or federal rules, or this Order, **WILL NOT BE TOLERATED.**

### IX. Pro Se Clinical Assistance

Plaintiffs must familiarize themselves with the Federal and the Local Rules. Plaintiffs' pleadings must be in 14-point font, including the footnotes, and their filings shall be double-spaced and include page numbers. Plaintiffs are specifically **DIRECTED** to read and study Federal Rule of Civil Procedure 26, and to follow the requirements stated therein. All discovery is stayed at this point, but should the case move forward, Plaintiffs will be expected to properly follow the Federal and Local Rules. The Court further provides Plaintiff with this information:

A. The rules, and additional help for *pro se* litigants, can be accessed online via
https://www.mied.uscourts.gov/index.cfm?pageFunction=proSe

B. All parties are required to adhere to Judge Patti's Practice Guidelines, which can be accessed at
https://www.mied.uscourts.gov/index.cfm?pageFunction=chambers&judgeid=51

C. There is a federal *pro se* legal assistance clinic operated in the Courthouse by the University of Detroit-Mercy Law School. To determine if you are eligible for assistance, you may contact the Federal Pro Se Legal Assistance Clinic at (313) 234-2690 or at proseclinic@udmercy.edu.

## X. Summary

For the reasons stated above, the following motions are **DENIED:** ECF Nos. 5, 6, 7, 8, 9, 10, 11, 12, 13, 15, 16, 23, 25, 39, 52, 57, 64, 65, 78, 79, 81, 85, 86, 95, 96, 103, 106, 108, 116, 117, 133, 140, 147, 149, 156, 164, and 165.

The following motions are **DEEMED MOOT** and the Clerk of the Court is DIRECTED to ADMINISTRATIVELY TERMINATE THEM WITHOUT RULING AND WITHOUT PREJUDICE: ECF No. 14, 28, 66, 119.

Plaintiffs are **DIRECTED** to file their final amended complaint by **Monday, December 8, 2025.**

After the final amended complaint is filed, Defendants may bring the appropriate motion to test the pleadings under Rule 12. **Any motion to dismiss (or, alternatively, an answer) shall be filed within four weeks of Plaintiffs' amended complaint**.

All discovery is **HEREBY STAYED** pending further order of the Court.

Plaintiffs shall focus on finalizing and submitting their final amended pleading and cease filing unnecessary motions and notices. Going forward, Defendants are **DIRECTED** <u>not</u> to file any response to any motion unless ordered by the Court. The Court will first review a motion to determine if a response is necessary before Defendants expend time and money to draft a response.

Finally, the Court notes that Judge Behm recently granted a motion to stay and stayed the case as to Defendants Heldreth and Kirkpatrick ONLY. (ECF No. 161.) Nothing in that stay prohibits Plaintiffs from filing an amended pleading. Until further order of the Court, those two Defendants are exempt from any requirement to respond to Plaintiffs' final amended pleading.[2]

**IT IS SO ORDERED.**[3]

Dated: November 7, 2025

_____
ANTHONY P. PATTI
UNITED STATES MAGISTRATE JUDGE

---

[2] This order addresses all pending motions with the exception of ECF Nos. 162 and 163, which are motions for reconsideration or to vacate or modify Judge Behm's October 28, 2025 Text-Order, which are pending before Judge Behm.

[3] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).