UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL D. JARRUS and LINDA JARROUS, | Case No. 25-cv-11168 |
| Plaintiffs, | F. Kay Behm |
| v. | U.S. District Judge |
| GOVERNOR OF MICHIGAN, *et al.*, | Anthony P. Patti |
| Defendants. | U.S. Magistrate Judge |
| _____ / | |

## **ORDER FOR PLAINTIFFS TO SHOW CAUSE**

This order to show cause is issued upon receipt of Plaintiff's objections to an order issued by the Magistrate Judge (ECF No. 170).

Although Plaintiffs were clearly warned by Magistrate Judge Patti of the dangers of the use of generative "AI," Plaintiffs nonetheless appear to have made use of such a tool without checking the results. ECF No. 170, PageID.3194 (including a clearly AI-generated phrase, "Here's the revised Paragraph 2, . . ."). Their briefing appears to be nothing more than a copy-paste from a chatbot-style generative AI tool. Ironically, the Magistrate Judge warned them of this very conduct and the possible consequences, and they objected to his warning.

1

Upon further review of the objections, the court identified a series of citations in Plaintiffs' brief that appear to be false citations (with real cases, but with explanations that do not reflect the case cited).

For example:

- Plaintiffs cite *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538 (2010), for the proposition that if a plaintiff seeks to amend their complaint and an added defendant "knew or should have known" that the action would have been brought against them but for a mistake (i.e. that the amendment would "relate back"), that "amendment is not discretionary - it is mandatory." *Krupski* does not say that the court must permit amendment under that circumstance. Rule 15(a), not Rule 15(c), sets forth the circumstances in which a party may amend its pleading before trial.

- Plaintiffs cite *District of Columbia v. Heller*, 554 U.S. 570 (2008), for the proposition that "the loss of Second Amendment deprivations, even for minimal periods, constitutes irreparable injury." *Heller* does not say that a temporary loss of Second Amendment rights is irreparable harm; Plaintiffs are extending a statement from *Elrod v. Burns*, 427 U.S. 347, 373 (1976), regarding the First Amendment and applying it to the Second. But "the Supreme Court has never applied this presumption [from *Elrod*] outside the First Amendment context." *Nat'l Ass'n for Gun Rights v. Lamont*, 153 F.4th 213, 248 (2d Cir. 2025).

- Plaintiffs cite *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978), for the proposition that they are entitled to limited discovery on jurisdictional issues under Rule 26. Setting aside whether that is accurate in the current posture of the case, *Oppenheimer* was superseded by statute. It is therefore "inappropriate to continue to cite to *Oppenheimer* for the purpose of construing the scope of discovery under amended Rule 26(b)(1)." *Peterson v. Corby*, 347 F.R.D. 192,

195 (E.D. Mich. 2024). Any reasonable inquiry – even a very brief one – would have revealed that reliance on *Oppenheimer* was misplaced.

As this court has previously pointed out, the use of AI tools without independent fact-checking and citation-checking unquestionably violates Rule 11. Chatbots do not conduct a "reasonable inquiry" into existing law or the evidentiary support for factual contentions. "They are word guessers; they are trying to predict what the next words would be if that sentence appeared on the internet. It has no way of 'knowing' whether that sentence it created about the case's holding was in fact true or false." *Seither & Cherry Quad Cities, Inc. v. Oakland Automation, LLC*, No. 23-11310, 2025 LX 205874, at *5 (E.D. Mich. July 28, 2025).

In light of the requirements of Rule 11, and the Magistrate Judge's prior warning (ECF No. 168, PageID.3183), Plaintiffs shall **SHOW CAUSE** in writing, within seven days of entry of this Order, why they should not be sanctioned pursuant to Rule 11(b)(2) & (c) of the Federal Rules of Civil Procedure, for attributing fictitious holdings to court decisions, apparently in reliance on AI-generated content, and after clear notice by the court. *See, e.g., Mata v. Avianca, Inc.*, 678

3

F. Supp. 3d 443 (S.D.N.Y. June 22, 2023); ECF No. 168, PageID.3182 (warning to Plaintiffs).

Plaintiffs' submission shall include sworn declarations by <u>both</u> Plaintiffs and shall provide a thorough explanation of how the referenced portions of their brief came to cite cases that do not stand for the propositions stated, the specific generative AI tool used, whether any specific tool or legal reference was used <u>other than</u> the generative AI tool, how much money per month Plaintiffs spend on the generative AI tool, and what role, if any, <u>both</u> Plaintiffs individually played in drafting or reviewing the briefing before it was filed. Plaintiffs are reminded that under Fed. R. Civ. P. 11(b), <u>each</u> unrepresented party signing a pleading certifies to the court that they have reviewed the pleading for accuracy and conducted a reasonable investigation of the claims or defenses therein.

Plaintiffs should respond to the possibility that the court may, as a sanction for violation of Rule 11, do any or all of the following: strike their objections, impose monetary penalties, dismiss claims brought by an unrepresented party who signed the referenced brief without conducting a reasonable investigation of the claims or defenses, and/or revoke Plaintiffs' *in forma pauperis* status. Plaintiffs are warned that

even a single false citation generated by a so-called "AI" tool in their response to this show cause order may result in dismissal of their claims in their entirety for bad faith failure to comply with the court's orders and two prior warnings. *See* Fed. R. Civ. P. 41(b). Plaintiff's response to this order shall not exceed 7 pages, not including their declarations, which should be attached as exhibits to their response.

Defendants are notified that the court will rule on Plaintiffs' objections on the brief presented and that no response is necessary (ECF No. 170). This order does not toll or extend the deadlines established in ECF No. 168.

**SO ORDERED**.

Date: November 18, 2025                    s/F. Kay Behm
                                           F. Kay Behm
                                           United States District Judge