1) UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

2) MICHAEL D. JARRUS and
LINDA JARROUS,
   Plaintiffs,

3) v.

   GOVERNOR OF MICHIGAN, et al.,
   Defendants.

Case No. 4:25-cv-11168
Hon. F. Kay Behm
Mag. Judge Anthony P. Patti

FILED
NOV 25 2025
CLERK'S OFFICE
DETROIT

4) _____/

PLAINTIFFS' RESPONSE TO ORDER TO

SHOW CAUSE (ECF NO. 171)

AND DECLARATIONS OF MICHAEL D. JARRUS AND

LINDA JARROUS

/s/ Michael D. Jarrus
Michael D. Jarrus, Plaintiff (Pro Se)
526 South Alexander Ave.
Royal Oak, MI 48067
Phone: (248) 259-1645
Email: MikeJarrus@gmail.com

22  1)    /s/ Linda Jarrous
23  Linda Jarrous, Plaintiff (Pro Se)
24  526 South Alexander Ave.
25  Royal Oak, MI 48067
26  Phone: (248) 390-5172

*[Signature: Linda J.]*
*11-25-2025*

27

28

29

30

page 2

1) UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

2) MICHAEL D. JARRUS and
LINDA JARROUS,
   Plaintiffs,

3) v.                                                        Case No. 4:25-cv-11168
   GOVERNOR OF MICHIGAN, et al.,   Hon. F. Kay Behm
   Defendants.                                    Mag. Judge Anthony P. Patti

4) _____/

PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE REGARDING USE OF GENERATIVE AI AND RULE 11 (ECF No. 171)

1) Plaintiffs Michael D. Jarrus and Linda Jarrous, proceeding pro se, respectfully respond to the Court's November 18, 2025 Order to Show Cause (ECF No. 171).

18    2)    Plaintiffs acknowledge the Court's concerns
19    and accept responsibility for the errors identified in ECF No.
20    170. The phrase "Here's the revised Paragraph 2 …" that
21    appeared in ECF No. 170 was an inadvertent internal editorial
22    instruction that Plaintiffs failed to remove before filing.
23    Plaintiffs regret that oversight and understand why it raised
24    concerns about the integrity of the submission.

25    3)    Plaintiffs were previously warned about
26    generative AI and nevertheless used it without proper
27    verification. Plaintiffs now recognize that this was careless and
28    did not satisfy Rule 11's reasonable-inquiry requirement.
29    Plaintiffs do not dispute the Court's statement that unverified
30    AI use can violate Rule 11.

31    4)    Specific AI tools used. Plaintiff Michael D.
32    Jarrus used generative AI chatbot services including ChatGPT
33    (OpenAI) and and once had a subscription to Grok that he no
34    longer has. Currently he pays 20.00 per month for chat gpt
35    plus

5) Money spent per month. Plaintiffs collectively spend approximately $20 per month on these AI subscription services, as explained in Exhibit A. at ne point it was 60 dollars thhat waas for one month

6) Other tools or legal references used besides AI. Plaintiffs relied on free public legal sources (including Google Scholar, official court websites, and public docket materials) to locate real cases and procedural rules. Plaintiffs did not use paid services such as Westlaw or Lexis. Plaintiffs did not use any automated legal-citation software other than the AI chatbots described above.

7) Role of each Plaintiff in drafting/reviewing ECF No. 170.

a. Michael Jarrus drafted ECF No. 170, including requesting AI-generated summaries and suggested language. He then incorporated portions of that wording—sometimes with light edits—without re-reading the full opinions to verify the accuracy of the AI's descriptions.

b. Linda Jarrous contributed facts and reviewed drafts for

3

clarity, but she did not research or draft case descriptions and did not use AI tools. Her involvement is described in her sworn Declaration (Exhibit B).

8) **How the inaccurate case descriptions occurred.** Plaintiffs acknowledge the Court's concerns with ECF No. 170. Plaintiffs did not fabricate cases or cite nonexistent decisions. Rather, despite prior warnings about generative-AI risks, Plaintiff Michael Jarrus relied on AI-assisted drafting and accepted AI-generated characterizations and quotations concerning real cases without independently confirming them in the source opinions; an internal editing artifact also remained in the filing. This led ECF No. 170 to attribute propositions to cases that they do not hold. Plaintiffs further acknowledge three specific mischaracterizations: (1) **Krupski** was overstated as making amendment mandatory upon relation-back, though leave remains governed by Rule 15(a); (2) **Heller** was incorrectly cited for a Second-Amendment irreparable-harm proposition it does not state; and (3) **Oppenheimer Fund** was relied on as defining current Rule

26 discovery scope despite later amendments and intervening authority. Plaintiffs withdraw those characterizations, accept responsibility for not conducting the required Rule 11 reasonable inquiry, and will verify every citation and quoted passage directly in the underlying opinions before future filings to prevent any recurrence.

9) No bad faith intent. Plaintiffs did not act in bad faith and did not intend to mislead the Court or opposing counsel. The cases cited were real; the error was uncritical reliance on AI summaries rather than a personal, Rule 11-compliant review of the opinions.

10) **Pro se status and health limitations.** Plaintiffs remain pro se. Plaintiff Michael Jarrus suffers from multiple sclerosis and has been in a prolonged flare-up, causing fatigue and cognitive strain while litigating under tight deadlines. These circumstances provide context for his reliance on AI tools, but Plaintiffs understand they do not excuse any Rule 11 failures. Mr. Jarrus now realizes he must triple-check every quotation, citation, and characterization before filing,

and he is doing so now in the amended complaint the Court ordered rewritten. Going forward, Plaintiffs will take the necessary time to review and verify filings rather than rushing to meet deadlines. Plaintiffs apologize for the mistake and will ensure it is not repeated.

11) Corrective commitments. Going forward Plaintiffs commit that:

a. They will not use AI tools to generate or describe case holdings or quotations.

b. Any time Plaintiffs cite a case, Plaintiff Michael Jarrus will personally read the opinion on a reliable primary source (Google Scholar or official court websites) before describing it.

c. Plaintiffs will manually review every filing to ensure no AI-style drafting artifacts or instructions remain.

d. If AI is used at all, it will be limited to mechanical tasks (spelling, grammar, formatting) and never as a substitute for legal research or judgment.

12) 14. Response to possible sanctions.

Plaintiffs respectfully ask the Court to consider (i) the absence of intent to mislead, (ii) that the citations were to real cases, (iii) Plaintiffs' pro se status and documented disability, and (iv) Plaintiffs' concrete safeguards going forward. Plaintiffs request that the Court refrain from imposing case-ending sanctions such as dismissal or revocation of in forma pauperis status, and instead allow Plaintiffs to proceed under the strict verification commitments stated above. Plaintiffs apologize to the Court and understand the seriousness of their mistake

/s/ Michael D. Jarrus
Michael D. Jarrus, Plaintiff (Pro Se)
526 South Alexander Ave.
Royal Oak, MI 48067
Phone: (248) 259-1645
Email: MikeJarrus@gmail.com

1)   /s/ Linda Jarrous
Linda Jarrous, Plaintiff (Pro Se)
526 South Alexander Ave.
Royal Oak, MI 48067
Phone: (248) 390-5172