UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL D. JARRUS and LINDA JARROUS,

    Plaintiffs,

v.

GOVERNOR OF MICHIGAN, *et al.*,

    Defendants.
_____ /

Case No. 25-cv-11168

F. Kay Behm
U.S. District Judge

Anthony P. Patti
U.S. Magistrate Judge

## ORDER ON PLAINTIFFS' MOTION FOR RECONSIDERATION (ECF No. 178)

Before the court is Plaintiffs' joint motion for reconsideration of this court's order imposing sanctions for the misuse of Chat GPT in drafting their pleadings, including false and/or misleading citations. ECF No. 178 (motion for reconsideration); *see* ECF No. 176 (order imposing sanctions).

Under Eastern District of Michigan Local Rule 7.1(h)(2), a party may file a motion for reconsideration of a non-final order only if: (A) the court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision, (B) an intervening

1

change in controlling law warrants a different outcome, or (C) new facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision. E.D. Mich. L.R. 7.1(h)(2).  "Motions for reconsideration of non-final orders are disfavored." *Id.*

Notably, a motion for reconsideration, much like a motion to alter or amend a judgment, is not for the purpose of "proffer[ing] a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue." *McConocha v. Blue Cross Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996).  Nor is it an appropriate vehicle for raising new facts or arguments. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (motions under Fed. R. Civ. P. 59(e) "are aimed at reconsideration, not initial consideration").  "A motion for reconsideration 'addresses only factual and legal matters that the court may have overlooked . . . .' It is improper on a motion for reconsideration to 'ask the court to rethink what [it] had already thought through—rightly or wrongly.'" *Carter v. Robinson*, 211 F.R.D. 549, 550 (E.D. Mich. 2003) (quoting *Above the Belt, Inc. v. Mel*

*Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983).  "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010).

Plaintiffs were first warned by Magistrate Judge Patti of the use of generative AI when he "strongly cautioned" against its use and warned them that the use of generative AI to produce misrepresented citations may result in $200 per misrepresented citation.  ECF No. 168, PageID.3183.

When this court subsequently discovered the possible misuse of so-called "artificial intelligence" or a large language model in their objections to that very order, it ordered Plaintiffs to show cause why they should not be sanctioned.  ECF No. 171.  The court identified three specific instances of misrepresented cases.  The court also informed Plaintiffs that they should "respond to the possibility that the court may, as a sanction for violation of Rule 11, do any or all of the following: strike their objections, <u>impose monetary penalties</u>, dismiss claims brought by an unrepresented party who signed the referenced brief without conducting a reasonable investigation of the claims or defenses,

3

and/or revoke Plaintiffs' *in forma pauperis* status." ECF No. 171, PageID.3211 (underline added).

In their response to the order to show cause, Plaintiffs acknowledged they were "previously warned about generative AI and nevertheless used it without proper verification." ECF No. 174, PageID.3229. They did not dispute that this conduct violated Rule 11. Plaintiffs did not respond to the possibility of monetary sanctions, but instead seemed to propose what they termed "corrective" measures (i.e. additional verification) to ensure that it did not happen again. Linda Jarrous submitted a declaration and stated that she relies on her son, Michael Jarrus, to draft their joint filings, which she reviews "only at a very general level" before she signs. ECF No. 173, PageID.3222.

In its order imposing sanctions, the court found that both Plaintiffs violated Rule 11 in filing their objections. Michael Jarrus violated Rule 11 by misusing Chat GPT to generate false or misleading citations and failing to verify the truth of those citations or conduct any inquiry into them. Linda Jarrous violated Rule 11 by failing to independently review and make a reasonable inquiry into each statement made in a filing signed by her and submitted to the court (though also for submitting misrepresented citations under her own

4

signature). *See* ECF No. 176. The court overruled Plaintiffs' objections for their violations of Rule 11 and, while noting that Plaintiffs have proceeded without prepaying fees and costs, also imposed monetary penalties to deter recurrence of similar conduct. ECF No. 176, PageID.3603. The court imposed a $600 penalty ($300 per Plaintiff), consistent with the Magistrate Judge's warning that each fabricated or misrepresented citation may incur a $200 fine. *Id.* The court also noted that Michael Jarrus pays $20 per month for a Chat GPT subscription, indicating that he pays approximately $240 per year for that subscription.

    Plaintiffs now ask the court to reconsider its order imposing sanctions. ECF No. 178. In substance, they only ask for reconsideration of the court's monetary sanctions because, according to them, Michael Jarrus uses Chat GPT as "assistive" technology and cannot afford his $300 sanction, and Linda Jarrous "did not draft the filings at issue, did not use ChatGPT, did not commit any violation, [] has extremely limited income[, and t]here is no factual basis for sanctioning her." ECF No. 178, PageID.3611. They also appear to misunderstand the court's order; they say their objections "remain unresolved" and it is "unclear as to the standards the court expects

5

them to follow." *Id.* at PageID.3613.  They indicate there is a pending motion for sanctions of theirs that has not yet been ruled on.  *Id.*  They propose, instead of the court's $600 sanction, eliminating Linda Jarrous' $300 penalty entirely and reducing Michael Jarrus' $300 penalty to either $60, payable over three months, or to allow him to make the $300 payment in increments of $20 per month until paid off, rather than a lump sum as ordered by the court and due on February 2, 2026.  ECF No. 178, PageID.3614-15.

    First, a point of clarification.  Plaintiffs' objections are not unresolved or pending; they were overruled by the court's order.  ECF No. 176, PageID.3603.  The Magistrate Judge's order at ECF No. 168 remains in effect in full.  Nor is there a pending motion for sanctions from Plaintiffs; Judge Patti denied that motion and similar or related motions.  *See* ECF No. 168, PageID.3176.  Plaintiffs should refer to that order for the status of their prior motions and for direction from the Magistrate Judge on other matters.

    Second, the court addresses the merits of Plaintiffs' motion.  As to Linda Jarrous' conduct, the court previously explained why her signature on Plaintiffs' objections violated Rule 11.  ECF No. 176, PageID.3601-02.  Plaintiffs' present argument that she "did not draft

6

the filings at issue" and therefore that there is no factual basis for sanctioning her, fundamentally misunderstands the role of Rule 11 and the responsibilities it imposes on all signatories to a pleading or briefing.  Rule 11 imposes a duty on all unrepresented parties to perform a reasonable inquiry into the claims, defenses, and factual contentions in their filings; that Plaintiff Linda Jarrous "did not draft" the filings at issue has no effect on that duty.  Fed. R. Civ. P. 11(b); *see* ECF No. 170, PageID.3207.  If she does not perform a reasonable inquiry into every statement made in her court filings, regardless of who drafted them, she risks dismissal of her claims for violation of Rule 11.  *See* ECF No. 176, PageID.3602 (prior warning on this same point).

Although Linda Jarrous has limited income,[1] Plaintiffs' present lack of remorse and insistence that Linda Jarrous did not violate Rule 11 indicates that Plaintiffs did not, and do not, take the court's orders seriously.  The court is concerned that eliminating Linda Jarrous' monetary sanction or reducing it to a nominal amount will cause

---

[1] The court previously reviewed, and upon this motion reviewed again, Linda Jarrous' application to proceed without prepaying fees and costs.  ECF No. 2.  The information in that application satisfies the court that a $300 sanction is not impossible to meet given two months advance notice.

7

Plaintiffs to misunderstand the seriousness of her misconduct. Plaintiffs' briefing does not reassure the court that Linda Jarrous' failure to comply with Rule 11 will not repeat, and her signature on this motion for reconsideration evidences an unwillingness to take responsibility for errors once discovered.  The motion for reconsideration of the sanction against Linda Jarrous is denied in full.

That leaves Michael Jarrus' proposal to either reduce his sanction to $60 total, payable over three months (ECF No. 178, PageID.3612), or to put his $300 sanction on a payment plan of $20 per month (*id.* at PageID.3615), which he alleges will "still have significant deterrent effect given his financial circumstances, while avoiding undue hardship[.]"  ECF No. 178, PageID.3615.  The court is not entirely unsympathetic to his point, but the court previously considered his financial circumstances when imposing sanctions.  His application to proceed without paying fees and costs was already taken into account by the court when it first reviewed this issue.  ECF No. 3, PageID.132.[2]

---

[2] Notably, his application indicates a total monthly income of $960 and total monthly expenses of $942.  His listed expenses do not include a $20/month Chat GPT subscription.  *See* ECF No. 174, PageID.3230.  His monthly expenses also seem to be missing other necessities, but at minimum the omission of an internet subscription – and particularly, one whose inclusion would result in his debts exceeding his income each month – indicates there are at least some factual inaccuracies in his application.

8

The court warned Plaintiffs that they needed to respond to the possibility that monetary sanctions would be imposed (ECF No. 171, PageID.3211), and in their response they did not indicate an inability to pay a fine (ECF No. 174), or propose a different number than the one the Magistrate Judge suggested (ECF No. 168, PageID.3183). Granting a motion for reconsideration in this instance would be inconsistent with Plaintiffs' duty to bring forward all relevant facts and argument at the first opportunity. *See Carter v. Robinson*, 211 F.R.D. 549, 550 (E.D. Mich. 2003).

The Magistrate Judge's warning is also important here not only because it put Plaintiffs on notice of the specific amount of the monetary sanction eventually levied, but also because Plaintiffs immediately followed that warning with the very conduct they were warned about. That order of events indicates that mere statements from the court or nominal fees will likely be insufficient to deter wrongful conduct. Plaintiffs advance no new facts that alter the court's conclusion that a $300 sanction is reasonably necessary to deter repetition of the conduct. Further, Jarrus' request to reduce the sanction to a nominal fee of $60 is suggestive that he too does not understand the seriousness of his own misconduct or the harms that

9

can flow from that misconduct. *See, e.g., Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 448-49 (S.D.N.Y. 2023) ("Many harms flow from the submission of fake opinions. The opposing party wastes time and money in exposing the deception. The Court's time is taken from other important endeavors. . . ."); *Seither & Cherry Quad Cities, Inc. v. Oakland Automation, LLC*, No. 23-11310, 2025 LX 205874, 2025 WL 2105286, at *3 (E.D. Mich. July 28, 2025) (the same is true of citing "real" cases with misrepresented holdings); *see also In re McDonald*, 489 U.S. 180, 184 (1989) ("Every paper filed with the [court], no matter how repetitious or frivolous, requires some portion of the institution's limited resources.").

As far as Jarrus alleges that he uses Chat GPT as an "assistive" technology, no order of this court has said he is categorically barred from using it. If, on the other hand, he means that the court's monetary sanction means he must cancel his subscription due to limited financial resources, this downstream effect of a monetary sanction does not show a need to modify the court's sanctions order. This is so particularly when Jarrus was warned that financial sanctions would be incurred at $200 per violation if he relied on generative AI without verifying the truth of the assertions it made. Given such specific notice of this

sanction and his subsequent failure to comply, the current sanctions are not unfair to Plaintiff.  Michael Jarrus' motion for reconsideration of his portion of the monetary sanction is also denied.

The motion for reconsideration is thus **DENIED** in full.  As the court previously stated, but repeats here for clarity: each Plaintiff shall, individually, be responsible for paying $300.  These fines are due to the Clerk of Court and shall be paid in full by February 2, 2026.  Failure to pay these amounts may result in dismissal of this action in its entirety or, if one Plaintiff pays their fine but not the other, of the nonpaying Plaintiff's claims for failure to comply.

**SO ORDERED**.

Date: January 5, 2026                              s/F. Kay Behm
                                                                  F. Kay Behm
                                                                  United States District Judge