UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL D. JARRUS and
LINDA JARRUS,

Plaintiffs,

v.

GOVERNOR OF MICHIGAN, et al.,

Defendants.
_____________________________________/

Case No. 4:25-cv-11168

District Judge F. Kay Behm
Magistrate Judge Anthony P. Patti

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO FILE OVERSIZED BRIEF (ECF NO. 189), GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO EXCEED PAGE LIMIT AND TO FILE "OVERLENGTH" RESPONSE BRIEF (ECF No. 190), STRIKING PLAINTIFFS' RESPONSE BRIEF (ECF NO. 191), GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE A LIMITED [SUPPLEMENTAL] RESPONSE (ECF NO. 199), and GRANTING PLAINTIFFS' MOTION FOR STATUS UPDATE (ECF NO. 197)**

Plaintiffs' motion for leave to file an oversized brief (ECF No. 189) and their subsequent motion for leave to file an "overlength" response brief (ECF No. 190) are **GRANTED IN PART** and **DENIED IN PART**. The Court previously permitted the requesting Royal Oak Defendants to file a 30-page motion. (*See* 12/22/25 Text-Only Order.) Notwithstanding Plaintiffs' argument that this "case involves multiple constitutional claims, multiple statutory claims, multiple defendants and multiple government agencies" (ECF No. 190, PageD.3969),

Plaintiffs will be held to the same page limitation with respect to their response to the Royal Oak Defendants' motion, *i.e.*, 30 pages. The fact that Plaintiffs' 99-page, 208 paragraph, eight count, third amended complaint (ECF No. 175) – naming nearly 30 defendants stemming from the U.S. Attorney General and the Michigan Governor all the way down to the Royal Oak Police Department (a non-legal entity), a Clerk's Office Supervisor, City Attorney, FOIA Coordinator and ten local "John Doe" city, state and federal law enforcement officers – is overly long and seemingly does not comply with Fed. R. Civ. P. 8(a)(2)'s requirement that pleadings contain "a short and plain statement of the claim," is a situation of their own strategic choosing; but if the Royal Oak Defendants can address those claims within 30 pages, so can Plaintiffs. Accordingly, Plaintiffs' 68-page response brief in opposition to Defendant Royal Oak's renewed Motion to Dismiss (ECF No. 191) is **HEREBY STRICKEN**, but may be re-filed on or before **September 23, 2026**, although it must comply with Local Rules 5.1 and 7.1, including but not limited to their requirements regarding font size and formatting (although subject to the 30-page limitation afforded herein), which may be found on the Court's website. *See* E.D. Mich. LR 5.1 and 7.1. Exhibits will not be counted against the page limitation, so long as they are not newly created in response to the motion, *although exhibits have only limited value, if any, in response to a Rule 12 motion that scrutinizes the existing pleadings, rather than the evidence.*

Plaintiffs' motion for leave to file a limited response (ECF No. 199) to Defendant's Notice of Supplemental Authority (ECF No. 198) is **GRANTED** and their attachment to that motion is accepted as the requested limited response, without need to re-file it.

Finally, Plaintiffs' Motion for "Request for Status Update" (ECF No. 197) is **GRANTED**, although the Court generally does not answer parties' questions, and Plaintiffs should not expect written answers to their inquiries in the future. Appearances have been entered for all *currently named* Defendants EXCEPT for: (1) James Grady, II; (2) Director of Michigan Department of Licensing and Regulatory Affairs; and, (3) John Does 1-10, the latter of whom cannot be served at this time, since Plaintiffs have yet to identify them. As to the newly named Defendants, Plaintiffs must provide the following to the Clerk's Office for service to occur:

• One (1) copy of the third amended complaint (ECF No. 175) for each defendant;

• Two (2) USM 285 forms for each defendant;

• Three (3) summonses for each defendant.

Plaintiffs are free to check the docket on their own at any time, but the Court will not be summarizing, on request, what is there to be seen. The case will not proceed to discovery as to any remaining defendants until all pending motions

to dismiss have been decided, and, thereafter, will not proceed to trial unless there are any defendants still remaining after any and all summary judgment motions have been decided.

It is **SO ORDERED**.

Dated: September 2, 2026

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE